[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 21, 2010
JOHN LEY
ACTING CLERK

No. 09-11199
Non-Argument Calendar

_____

D. C. Docket No. 02-00754-CR-RWS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANDRE WELMAKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(January 21, 2010)

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Andre Welmaker appeals the consecutive 18-month prison sentence that was imposed by the district court upon the revocation of his term of supervised release. Welmaker contends that this sentence, which runs consecutively to the sentences

for the offenses which gave rise to the revocation, is unreasonable. After careful review, we affirm.

We review a sentence imposed upon revocation of supervised release for reasonableness. United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008). In reviewing sentences for reasonableness, we perform two steps. United States v. Pugh, 515 F.3d 1179, 1190 (11th Cir. 2008). First, we must "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1] If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51). "[T]he party who challenges the sentence bears the

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with training, medial care, or correctional treatment; (3) the Sentencing Guidelines' range; (4) pertinent Sentencing Commission policy statements; (5) the need to avoid unwarranted sentencing disparities among similarly situated defendants with similar records; and (6) the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7).

2

burden of establishing that the sentence is unreasonable in the light of both the record and the factors in section 3553(a)." United States v. Thomas, 446 F.3d 1348, 1351 (11th Cir. 2006) (quotation and brackets omitted).

After considering the factors of § 3553(a), a district court may revoke a term of supervised release and impose a term of imprisonment if it determines by a preponderance of the evidence that a violation has occurred. 18 U.S.C. § 3583(e)(3). The introduction to Chapter Seven of the Sentencing Guidelines, which sets forth the policy statements for violations of supervised release, provides that "at revocation the court should sanction primarily the defendant's breach of trust . . . . [and] the sanction for the violation of trust should be in addition, or consecutive, to any sentence imposed for the new conduct." U.S.S.G., ch. 7, pt. A, cmt. 3(b). Section 7B1.3(f) of the Guidelines reiterates the Commission's policy that prison terms for release violations should be consecutive sentences.

District courts are given statutory authority under 18 U.S.C. § 3584 to impose consecutive or concurrent sentences but must consider the factors of § 3553(a) in making that determination. This statute governs sentences for the violation of supervised release, thereby placing the decision to impose a consecutive revocation sentence within a district court's discretion. United States v. Dees, 467 F.3d 847, 852 (11th Cir. 2006). Further, "[t]he weight to be accorded

3

any given § 3553(a) factor is a matter committed to the sound discretion of the district court . . . ." United States v. Clay, 483 F.3d 739, 743 (11th Cir. 2007) (quotation omitted).

Welmaker has failed to show that his consecutive sentence was procedurally unreasonable. The parties do not dispute that the court correctly calculated the guideline range at 18-24 months. Even though the district court did not explicitly say that it was considering the § 3553(a) factors, the record supports that the court weighed and considered the factors as will be further discussed below. See United States v. Dorman, 488 F.3d 936, 944 (11th Cir. 2007) (holding that a district court's failure to articulate explicitly that it has considered the § 3553(a) factors does not render a sentence procedurally unreasonable if the record indicates that the court did, in fact, consider the sentencing factors). The court's emphasis on Welmaker's repetition of the identical crime during supervised release provided an adequate explanation for the consecutive nature of the sentence. Finally, the court was required to consider the policy statements of the Guidelines as part of its procedural requirement to consider § 3553(a) and there is no indication in the record that the Commission's policy was "mechanically applied" in the court's sentencing decision.

Welmaker also has failed to show that his sentence is substantively unreasonable. For starters, the sentence is not greater than necessary to achieve the purposes of sentencing. Indeed, Welmaker's argument that the sentencing factors were already sufficiently addressed by his 87-month sentences fails to acknowledge a goal of revocation sentences. The Guideline policy statements, which the district court must consider, adopt the view that the sentence for a supervised release violation should reflect the breach of trust inherent in the violation. This breach of trust is an independent, viable sentencing interest in any revocation case which can be addressed by a statutorily allowed consecutive sentence if the district court deems it appropriate. See Dees, 467 F.3d at 852.

In the instant case, the court's stated concern that Welmaker had committed the identical crime of unarmed bank robbery while under supervised release is sufficient to support a consecutive prison sentence for the breach of trust reflected in the violation. The court's recommendation for intensive drug treatment was not intended to address the breach of trust. In addition, the court's decision to impose a prison term at the low end of the guideline range also supports the conclusion that this sentence was not greater than necessary to comply with the purposes of sentencing.

Moreover, the record shows that the court heard the government's argument for a consecutive sentence based on §3553(a) and rejected Welmaker's request for a concurrent sentence. The court's insistence on a consecutive sentence reflected its consideration of the nature, circumstances, and seriousness of Welmaker's supervised release violation and the need to protect the public from repeated offenses. The court also gave due consideration to Welmaker's personal history and characteristics by recommending drug treament and by deciding to sentence at the low end of the guideline range based on the arguments Welmaker raised. Because Welmaker has not met his burden to show that the consecutive sentence was unreasonable, we affirm.

**AFFIRMED.**